IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 2:98-CR-0009 KJM

    v.

JASON ELLIS SMITH,

        Defendant.               <u>ORDER</u>

_____/

        On July 28, 2014, defendant filed a motion to dismiss the indictment for lack of subject matter jurisdiction. Mot., ECF No. 93. On July 29, 2014, the court directed the government to file any response it had to the motion. ECF No. 94. The government has not responded.

        Defendant was convicted of armed robbery of a credit union, 18 U.S.C. § 2113, and use of a firearm, 18 U.S.C. § 924. Although the basis of his motion is not entirely clear, he appears to allege the court lacked subject matter jurisdiction because the Federal Deposit Insurance Corporation (FDIC)[1] does not insure against theft and that counsel was ineffective

---

[1] He has not presented any information showing the National Credit Union Administration's (NCUA) insurance similarly does not cover theft, but the court interprets his argument to raise the claim.

1  for failing to raise this challenge to the court's jurisdiction.  He has also presented several
2  certificates showing that the Schools Federal Credit Union is insured as provided in the
3  National Credit Union Act.
4        Under 18 U.S.C. § 2113(b), "[w]hoever takes and carries away, with intent to
5  steal or purloin, any property or money or other thing of value exceeding $1,000 belonging to,
6  or in the care, custody, control management, or possession of any bank [or] credit union . . .
7  shall be fined under this title or imprisoned not more than ten years, or both."  The statute
8  defines "credit union" to mean "any Federal credit union and any State-chartered credit union
9  the accounts of which are insured by the National Credit Union Administration Board . . . ." 18
10 U.S.C. § 2113(g).
11       Although evidence of a credit union's federal insurance is an element of the
12 crime, *United States v. Holloway*, 259 F.3d 1199, 1201-02 (9th Cir. 2001), the jurisdictional
13 requirement is satisfied whether or not the NCUA insures against losses from robberies, *Lord v.*
14 *United States*, 746 F.2d 942 (2d Cir. 1984); *Cunningham v. United States*, Nos. CV 109-083,
15 CR 105-058, 2010 WL 446108, at *5 (S.D. Ga. Feb. 8, 2010).   Counsel was therefore not
16 ineffective in failing to raise a jurisdictional challenge to the offense.  *Parson v. United States*,
17 No. 10-1133, 2011 WL 5864840, at *4 (D. Conn. Nov. 22, 2011) (stating counsel was not
18 ineffective in failing to advise defendant FDIC did not insure against theft); *Sexton v. Cozner*,
19 679 F.3d 1150, 1157 (9th Cir. 2012) ("[W]e cannot hold counsel ineffective for failing to raise
20 a claim that is meritless.").
21       IT IS THEREFORE ORDERED that defendant's motion to dismiss, ECF No.
22 93, is denied.
23 DATED:  January 20, 2015.
24
25                            UNITED STATES DISTRICT JUDGE
26
27
28