1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:98-cr-0009 KJM

12                 Plaintiff,

13           v.                                   ORDER

14   JASON ELLIS SMITH,

15                 Defendant.

16

17

18          On January 21, 2015, the court issued an order denying defendant's motion to

19   dismiss his indictment for lack of jurisdiction.  ECF No. 95.  Defendant filed a request "for a

20   more definite statement" under Rule 12(e) because he "is uncertain as to the bases of the Court's

21   denial."  ECF No. 96 at 1.  Initially, the court disregarded the request as not provided for by rules

22   of court.  ECF 97.  In light of defendant's most recent filing requesting a status, ECF 98, the court

23   exercises its discretion to consider the merits of the first request, to the extent it can discern what

24   defendant seeks.  Because 12(e) applies to vague pleadings and not orders of the court, the court

25   construes the request as one for reconsideration.  As set forth below, the motion for

26   reconsideration is denied.

27          Because defendant's motion was filed within twenty-eight days of the court's

28   order and entry of judgment, the court construes it as one brought under Federal Rule of Civil

                                              1

1   Procedure 59(e).  *See Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99

2   (9th Cir. 2001).  Motions for reconsideration are permissible in criminal cases.  *See United States*

3   *v. Mendez*, No. 07-00011, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008); *accord* L.R.

4   430(i).  They are governed by the same rules as their equivalents in civil cases.  *See Mendez*, 2008

5   WL 2561962, at *2.  In general, a motion to reconsider founded on Rule 59(e) may be granted

6   (1) to correct "manifest errors of law or fact," (2) to present new, previously unavailable

7   evidence, (3) to prevent manifest injustice, or (4) to account for "an intervening change in

8   controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

9         Defendant does not clearly state the basis for his motion, but the court construes

10   his argument as essentially seeking to correct errors of law or fact and prevent manifest injustice.

11   However, his motion relies on arguments and facts he presented in his original motion to dismiss

12   the indictment, matters the court considered and rejected in issuing its previous order.  *Compare*

13   Order, ECF No. 95 (stating "the jurisdictional requirement is satisfied whether or not the NCUA

14   insures against losses from robberies" and "Counsel was therefore not ineffective in failing to

15   raise a jurisdictional challenge to the offense"), *with* Mot., ECF No. 96 (arguing "[b]ased on the

16   Ninth and Tenth Amendment Mr. Smith had a right to have his [a]ttorney raise a jurisdictional

17   issue . . . .").  The only issue the court may construe as a new claim is defendant's statement that

18   the "order does not address any time restraints where [defendant's] issues were timely presented

19   for review."  ECF No. 96 at 2.  Defendant's original motion to dismiss did not refer to "time

20   restraints," and the court does not find any timeliness issues requiring resolution in response to

21   the present motion.  Defendant has not identified any manifest injustice resulting from the prior

22   order.

23         Defendant's filing construed as a motion for reconsideration is DENIED with

24   prejudice.  This disposes finally of ECF No. 96.

25         IT IS SO ORDERED.

26    DATED:  June 2, 2015.

27

28   _____
     UNITED STATES DISTRICT JUDGE

2