UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>JASON ELLIS SMITH,<br><br>    Movant. | No. 2:98-cr-0009 KJM CKD P<br><br><br>ORDER |

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 2, 2017, the magistrate judge filed findings and recommendations, which were served on movant and which contained notice to movant that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 122.) Movant has filed objections to the findings and recommendations. (ECF No. 123.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record.

/////

/////

1

The court writes separately to clarify that movant robbed a credit union, one of the institutions identified in 18 U.S.C. § 2113(a). The court further notes that since the findings and recommendations and movant's objections were filed, the United States Court of Appeals for the Ninth Circuit has specifically held that armed bank robbery as criminalized by 18 U.S.C. § 2113(a) is a crime of violence under 18 U.S.C. § 924(c). *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018). The *Watson* panel explicitly rejected the argument "that bank robbery by intimidation does not meet the *mens rea* requirement for a crime of violence." *Id*. at 785. The *Watson* panel also held that the offense of "bank extortion" is one of two "divisible" offenses included in 18 U.S.C. § 2113(a) and that where, as here, the defendant was convicted of armed bank robbery rather than bank extortion, the court "need not decide whether bank extortion qualifies as a crime of violence." *Id*. at 786. *Watson* is binding precedent and controls the disposition of movant's § 2255 motion, which must be denied.

Movant requests a certificate of appealability. *See* ECF No. 123 at 5. Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2255. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this order, movant has not made a substantial showing of the denial of a constitutional right. Accordingly, movant's request for a certificate of appealability will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 2, 2017 (ECF No. 122), are adopted to the extent consistent with this order;

2. Movant's June 17, 2016 motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 114) is denied;

3. Movant's request for a certificate of appealability is denied; and

4. The Clerk of the Court is directed to close the companion civil case No. 2:16-cv-3067 KJM CKD.

DATED: April 25, 2018.

_____
UNITED STATES DISTRICT JUDGE